## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No: *20- 10050* |
| | ) | |
| vs. | ) | |
| | ) | |
| **KRISTIE GUTGSELL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### PLEA AGREEMENT

---

The Defendant, Kristie Gutgsell, by and through her counsel, Isaac Sanders, knowingly and voluntarily agrees with the United States, through D. Michael Dunavant, United States Attorney for the Western District of Tennessee, and Robert Zink, Chief, Fraud Section, Criminal Divison, U.S. Department of Justice, to enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B).

1.  The Defendant agrees to enter a plea of guilty to the Bill of Information in this matter, in which the Defendant is charged with 15 counts of unlawfully distributing and aiding and abetting the unlawful distribution of controlled substances in violation of Title 21, United States Code, Section 841. With respect to the charges described herein, the Defendant knowingly and voluntarily waives her right to Indictment by Grand Jury. She further waives any right to a hearing to establish probable cause.

1

2.    The Defendant further agrees that:

a.    She will no longer work in any medical office or become employed –
directly or indirectly (e.g., through a staffing company or other contractor)
– for any person or entity who is a Registrant with the Drug Enforcement
Administration or hold any position with any company that involves the
distribution of controlled substances, whether lawful or unlawful.

b.    She is pleading guilty to the Bill of Information because she is guilty of the
charges contained within;

c.    If she had proceeded to trial and had been convicted, she would have had
the right to appeal the conviction.   She understands that by pleading
guilty, she gives up the right to appeal the conviction. Based on
concessions made in this plea agreement by the United States, she also
hereby waives her rights to appeal her sentence, including an upward
departure or variance from the guideline range calculated by the Court,
unless the sentence imposed by the Court exceeds the maximum
sentence permitted by statute;

d.    Except with respect to claims of ineffective assistance of counsel or
prosecutorial misconduct, she waives her right to challenge the sufficiency
or the voluntariness of her guilty plea on direct appeal or in any collateral
attack;

e.    The special assessment of $1500 is due and payable to the U.S. District
Court Clerk's Office, and the Defendant agrees to provide the United
States with evidence of payment immediately after sentencing; and

f.    This writing constitutes the entire Plea Agreement between the Defendant
and the United States with respect to the plea of guilty.  No additional
promises, representations or inducements, other than those referenced in
this Plea Agreement, have been made to the Defendant or to the
Defendant's attorney with regard to this plea, and none will be made or
entered into unless in writing and signed by all parties.

3.    Defendant admits that if put to its burden at trial, the government would be
able to prove the following beyond a reasonable doubt:

*On the dates, and with respect to the patients whose initials are set forth below,
Kristie Gutgsell did knowingly and intentionally aid and abet nurse practitioner
Jeffrey Young and others to distribute Schedule II controlled substances knowing
that such controlled substances were being distributed outside the course of
professional practice and not for a legitimate medical purpose.*

2

| Patient Name | Date | Drug | Active Ingredient MG | Pill Count |
|---|---|---|---|---|
| B.P. | 12/19/2016 | Hydrocodone | 10 | 90 |
| B.P. | 1/3/2017 | Hydrocodone | 7.5 | 21 |
| T.S. | 11/18/2015 | Oxycodone | 10 | 90 |
| T.S. | 12/18/2015 | Oxycodone | 10 | 90 |
| T.S. | 1/13/2016 | Oxycodone | 10 | 90 |
| T.S. | 3/1/2016 | Oxycodone | 10 | 90 |
| T.S. | 3/31/2016 | Oxycodone | 10 | 90 |
| T.S. | 4/30/2016 | Oxycodone | 10 | 90 |
| T.S. | 5/31/2016 | Oxycodone | 10 | 90 |
| T.S. | 6/30/2016 | Oxycodone | 10 | 90 |
| T.S. | 7/28/2016 | Oxycodone | 10 | 90 |
| T.S. | 9/1/2016 | Oxycodone | 10 | 90 |
| T.S. | 10/25/2016 | Oxycodone | 10 | 120 |
| T.S. | 11/21/2016 | Oxycodone | 10 | 120 |
| T.S. | 12/20/2016 | Oxycodone | 10 | 90 |

*Specifically, the Defendant served as the office manager in and loaned money to Preventagenix, LLC, which was a clinic owned and operated by Jeffrey Young in Jackson, Tennessee. Patient T.S. was a purported patient of the clinic, and the Defendant was aware that T.S. suffered from an addiction to opioids, including the ones that Jeffrey Young was distributing to her. Nonetheless, through her work as an office manager, she knowingly and intentionally aided and abetted Young's distribution of controlled substances to T.S as set forth above.*

*Likewise, as of at least December 7, 2016, the Defendant received a text message from nurse practitioner April Downing alerting her that patient B.P. had been "fired" from 'multiple clinics for failed drug screens" and that she had "[l]ost*

3

*her job...due to drugs" and "went to rehab." Nonetheless, Jeffrey Young, aided and abetted by the Defendant, prescribed Hydrocodone to B.P. on at least two more occasions as set forth above.*

4.    The Defendant understands that:

a.    Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. § 3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw the plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits, and would further become free to pursue any charges related to the above-admitted conduct in the Western District of Tennessee.  Such a breach by the Defendant would not release the Defendant from the plea of guilty; and

b.    The Defendant further expressly waives her rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon affixing her signature to this plea agreement.  The Defendant understands and agrees that in the event the Defendant violates the plea agreement, the Defendant does not enter her plea of guilty, or her guilty plea is for any reason withdrawn, any statements made by the Defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the Defendant during any court proceeding involving the Defendant's plea of guilty, including the "agreed facts" set forth herein, any other factual bases or summaries signed by the Defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the Defendant in any and all criminal actions.

5.    The parties agree that Defendant's base offense level, including relevant conduct under U.S.S.G. § 2D1.1, is 22.

6.    The parties further agree that the Defendant did not abuse a position of public or private trust or use a special skill in a manner that significantly facilitated the commission or concealment of the offense pursuant to U.S.S.G. §3B1.3, and the government will not argue that this enhancement is appropriate in this case.

7.    Defendant and the government have reached no other agreements with respect to the calculation of the United States Sentencing Guidelines. However, the government will recommend a sentence in the lower end of the Guidelines as calculated by the court.

8.  Notwithstanding the foregoing, if the Defendant attempts to withdraw her plea for any other reason, then the Government will be free to argue for any sentence within the statutory limits.

9.  Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to whether and when the Court will accept the recommendation of the government.

10. The United States agrees that, if the Court accepts the Defendant's guilty plea, it will not pursue any action against the Defendant, criminal or civil, for any offense related to the offenses described herein or any other matters known to the United States Department of Justice and/or the United States Attorneys' Office for the Western District of Tennessee at the time of the signing of this agreement including but not limited to any other offenses by Defendant relating to or involving Preventagenix, LLC, HealthWise 360, LLC, Jeffrey Young, April Downing, and/or any other medical provider associated with Preventagenix, LLC or HealthWise 360, LLC, with the exception of crimes of violence or perjury.

11. By signing this agreement, Defendant affirms that she is satisfied with her lawyers' counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty.  No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorneys with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.


KRISTIE GUTGSELL
Defendant

9.1.20
Date


ISAAC SANDERS
Defendant's Counsel

09/01/20
Date

5

ROBERT ZINK
Chief
Fraud Section, Criminal Divison
U.S. Department of Justice

and

D. MICHAEL DUNAVANT
United States Attorney
Western District of Tennessee

By:

*Katherine E. Payerle*

KATHERINE PAYERLE
Assistant Deputy Chief
Trial Attorney, Health Care Fraud Unit
Fraud Section, Criminal Divison
U.S. Department of Justice

September 15, 2020
Date

JAMES POWELL
Assistant United States Attorney
Western District of Tennessee